IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


GREGORY STYERS,                    :
          Plaintiff
                                   :

          vs.                      :   CIVIL NO. 1:CV-05-2127

                                   :
COMMONWEALTH OF PENNSYLVANIA,
et al.,                            :
          Defendants


*M E M O R A N D U M*

*I.    Introduction*

          We are considering the amended motion for award of

attorney's fees and costs filed by counsel for Plaintiff Gregory

Styers.   Counsel successfully litigated Plaintiff's First

Amendment retaliation claim and seeks a total of $117,914.18 in

attorney's fees and costs from Defendant David Guido.   Upon

consideration of the motion, we will award fees and costs, but

we will reduce the amount sought by Plaintiff's counsel.


*II.   Background*

          Styers, a Pennsylvania State Police ("PSP") trooper,

filed this § 1983 action against the Commonwealth of

Pennsylvania, the PSP, Bret Waggoner, James Garofalo, Richard

Zenk, and David Guido, alleging that the Defendants retaliated

against him for exercising his First Amendment rights.[1]   (doc.

---

[1]   The four individual defendants are PSP officers.

7).  While serving as a helicopter pilot for the PSP, Styers used the PSP grievance process to contest a job transfer.  (doc. 37, p. 1).  After successfully doing so, Styers returned to his helicopter unit at the PSP but was not able to requalify as a "Pilot in Command" of a particular PSP helicopter.  *Id.*  Styers claimed that Defendants retaliated against him in the following ways: (1) imposing unnecessary retraining requirements, (2) impeding Styers' ability to complete the retraining, (3) disciplining him for wearing a PSP dress uniform to a preliminary court hearing, (4) forcing him to wait for a proper helmet, and (5) making it more difficult to get a replacement clip for his weapon.  *Id.* at 2.

After Styers' presentation of his case at trial, we granted a motion for judgment as a matter of law in favor of Defendants Richard Zenk and James Garofalo.  *See* doc. 56.  Of the remaining Defendants, the jury found David Guido liable for retaliation.  *See* doc. 53.  The jury did not award compensatory damages, but it did impose punitive damages in the amount of $20,000.00.  *Id.*  We entered judgment in favor of Styers and against Guido, converting the award to $1.00 in nominal damages and $20,000.00 in punitive damages.  (doc. 58).  After trial, we denied Guido's motion for judgment as a matter of law.  (doc. 75).

III.  *Discussion*

Counsel for Styers has filed an amended motion for attorney's fees and costs seeking a total of $117,914.18 for representing Styers.  (doc. 76).  This amount includes 463.50 hours of legal services at an hourly rate of $250.00 along with $2,039.00 in costs.  *Id.* ¶¶ 9, 10, 11.  Guido opposes this figure, arguing that the total fee award should be no greater than $41,949.00.  (doc. 80, p. 5).  According to Guido, we should reduce the fee to an amount that more reasonably reflects the extent of Styers' success at trial.  *Id.*  As an alternate basis for reducing the fee, Guido argues that counsel for Styers spent an excessive number of hours preparing a brief opposing summary judgment and preparing for trial.  *Id.* at 5-9.

Counsel for successful plaintiffs in federal civil rights actions may be awarded attorney's fees pursuant to 42 U.S.C. § 1988, which provides, in relevant part: "In any action . . . to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."  In considering a motion for attorney's fees, a district court must determine whether the plaintiff is a "prevailing party," and, if so, award a "reasonable" fee.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

A.   *"Prevailing Party"*

A "prevailing party" is a party who has secured the resolution of a dispute that changes the legal relationship of the parties.   *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).   Guido does not dispute that Styers is a prevailing party.   (doc. 80, p. 3, n.2).   *See also Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that a plaintiff who wins nominal damages in a § 1983 claim is a "prevailing party").

B.   *"Reasonable Attorney's Fee"*

1.   <u>Counsel for Styers Should
Receive Attorney's Fees</u>

We must first consider the nature and amount of damages to determine whether, despite his status as a "prevailing party," Styers is even entitled to a fee.   *Id*. at 115.   As Justice O'Connor explained in *Farrar*: "When the plaintiff's success is purely technical or *de minimis*, no fees can be awarded.   Such a plaintiff either has failed to achieve victory at all, or has obtained only a Pyrrhic victory for which the reasonable fee is zero."   *Id*. at 117 (O'Connor, J., concurring).[2]   We find that Styers' success was not purely

---

[2]   Justice O'Connor joined the opinion in *Farrar* but authored "an influential concurrence that lower courts have found helpful" in assessing whether an attorney's fee is appropriate if the prevailing party only recovers nominal damages.   *Petrunich v. Sun Bldg. Sys., Inc.*, No. 04-2234, 2008 WL 974574, at *5 (M.D. Pa. Apr. 7, 2008) (Vanaskie, J.).   *See also Buss v. Quigg*, No. Civ. A. 01-3908, 2002 WL

4

technical or de minimis and therefore allows for recovery of attorney's fees.

*Farrar* explained that Styers' degree of success in his § 1983 action is "the most critical factor" in evaluating the reasonableness of a fee award. *Id.* at 114. Courts use the degree of success and other factors in determining whether a plaintiff's victory is merely technical or de minimis and may not merit an attorney's fee. These indicia include: the difference between the amount recovered and the amount sought, the significance of the legal issue, and whether the litigation accomplished a public goal. *Id.* at 121-22 (O'Connor, J., concurring). Guido focuses on the extent of relief, which we discuss below. *See* doc. 80, pp. 4-5.[3]

According to Guido, the following factors show Styers' limited success: (1) our dismissal of "a substantial portion" of Styers' claims, specifically his complaints concerning the safety of PSP helicopters; (2) our dismissal of two of the four defendants pursuant to a motion for judgment as a matter of law; (3) that, of the two remaining defendants, the jury only found Guido liable; and (4) that the jury award was significantly lower than what Styers sought. *Id.* at 4-5.

---

31262060, at *5, n.11 (E.D. Pa. Oct. 9, 2002) (collecting cases from four circuits).

[3]  Guido does not argue that Styers' lawsuit did not serve a public goal. *See Farrar*, 506 U.S. at 121-22 (O'Connor, J., concurring) (discussing this factor).

We first address the jury award.  In *Farrar*, the "dramatic difference" between the $17 million sought by the plaintiff and the $1 nominal damages award suggested that plaintiff's victory was "purely technical" and did not warrant an award of attorney's fees.  *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring).  Here, Styers sought $100,000.00 and was awarded a total of $20,001.00, a difference of far less than the figure which troubled the Court in *Farrar*.[4]  While the jury's damages award did not compensate Styers for out-of-pocket or emotional damages, the $20,000 punitive damages award underscores their conclusion regarding the nature of the retaliatory conduct and suggests that Styers' victory was more than "purely technical."  Therefore, Styers' damages award weighs in favor of an award of reasonable attorney's fees.

Guido also contends that Styers achieved "limited success" in his First Amendment claim because Guido was the only defendant found liable and because we excluded evidence pertaining to Styers' helicopter safety complaints.  (doc. 80, p. 4).  We disagree that these factors show limited success. Styers succeeded on his First Amendment retaliation claim, the

---

[4]  We note that Local Rule 8.1 provides that a plaintiff "shall not claim any specific sum" of unliquidated damages in a pleading in a civil action.  While Styers' complaint did not comply with this rule, we look to the figure solely to evaluate the extent of relief Styers obtained in this litigation.

only claim set forth in his amended complaint.  *See* doc. 7.[5]
The retaliation claim alleged two bases for retaliatory conduct:
Styers' grievance of his transfer out of the PSP aviation unit
and the safety concerns he raised about PSP aircraft.  *See id.*
¶¶ 17, 36.  In excluding evidence pertaining to the safety
complaints and alleged conduct taken in response, we did not
dismiss one of Styers' claims; rather, we limited the evidence
Styers could use to support his retaliation claim.  Thus, our
exclusion of the safety complaints evidence did not diminish the
success Styers achieved in winning the jury's verdict on the
claim set forth in his amended complaint.

          Guido correctly points out that we dismissed two of
the defendants at trial and, of the remaining two defendants,
the jury only found Guido liable.  When weighed against Styers'
damages award and his success on the only claim presented in his
complaint, however, we do not view his victory as technical or
de minimis.  Therefore, we conclude that an award of a
reasonable attorney's fee is appropriate.

---

          [5]  Portions of the amended complaint refer to a hostile work
environment.  *See* doc. 7, ¶¶ 27, 38-40, 51.  The amended complaint,
however, contained only one count for relief and claimed "violations
of plaintiff's rights as secured by 42 U.S.C. § 1983 in the nature of
a violation of the First Amendment of the United States
Constitution."  *Id.* ¶ 1.  Additionally, the First Amendment
retaliation claim was the only claim pursued at trial.

2.   Reduction of the Fee Award
for Excessive Hours

Despite our conclusion that counsel for Styers is entitled to an attorney's fee, it remains for us to award a reasonable fee.  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  This amount, referred to as the lodestar, "is presumed to be the reasonable fee."  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).  We may, however, adjust the lodestar downward if it "is not reasonable in light of the results obtained."  *Id.* (citing *Hensley*, 461 U.S. at 434-37).[6] This reduction may be appropriate if some of the time submitted includes efforts litigating "wholly or partially unsuccessful claims that are related to the litigation of the successful claims."  *Id.*

Counsel for Styers has the burden of proving that his request for attorney's fees is reasonable by submitting evidence of the number of hours spent on the litigation as well as his hourly rates for legal services.  *Id.* (citing *Hensley*, 461 U.S. at 433).  To challenge the reasonableness of the fee, Guido has the burden of raising specific objections.  *Id.* (citing *Bell v.*

---

[6]  A court may adjust a lodestar upward for reasons not applicable in this motion.  *See Rode*, 892 F.2d at 1184 (allowing for upward adjustment based on delay in payment and quality of representation).

*United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989)).
We may only decrease the fee award based on objections raised by
Guido.  *Id*.

With respect to the hourly rate, we look to the
prevailing market rates in this community, keeping in mind
counsel's experience and skill.  *Id*.  Counsel for Styers has
submitted an affidavit attesting to a customary hourly rate of
$250.00.  *See* doc. 76, Amended Affidavit.  Guido does not
contest the reasonableness of the requested hourly rate.  (doc.
80, p. 3, n.2).  Therefore, we will use a $250.00 hourly rate in
calculating the lodestar figure.

After determining the hourly rate, we multiply the
rate by the reasonable number of hours expended in the
litigation.  *Rode*, 892 F.2d at 1183.  We exclude hours that are
not reasonably expended because "they are excessive, redundant,
or otherwise unnecessary."  *Id*.  We may also deduct hours when
counsel's fee petition provides inadequate documentation.  *Id*.[7]

Guido first argues that we should reduce the requested
amount to $40,000.00 in attorney's fees because the Court
"should award . . . an amount not to exceed double the amount of

---

[7]  With respect to the documentation of hours supporting counsel
for Styers' fee request, Guido appears to argue that "the total lack
of any specificity as to what was actually done," in particular
counsel's "trial prep," suggests that we should conclude that the
hours requested are excessive.  doc. 80, pp. 6, 8, n.4.  We will not
reduce the hours on this basis as we conclude that the documentation
comports with the guidelines discussed in *Rode*.  *See Rode*, 892 F.2d
at 1190-91.  *See also*, *Washington v. Philadelphia County Ct. of
Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996).

the jury's award so that it is proportional to the damages actually awarded." (doc. 80, p. 5). We decline to follow such an approach. In *Washington v. Philadelphia County Ct. of Common Pleas,* 89 F.3d 1031, 1039, 1041-42 (3d Cir. 1996), the Third Circuit expressed "serious concerns" about Guido's suggested proportionality approach, holding "that a court may not diminish counsel fees in a section 1983 action to maintain some ratio between the fees and the damages awarded."

Guido also objects to the number of hours submitted by counsel for Styers, arguing that "many of the hours . . . are clearly excessive given the nature of the work performed . . . ." (doc. 80, p. 6). As noted, however, we will only consider the specific objections raised by Guido. *See supra*, at 9. *See also Bell*, 884 F.2d at 720 (explaining that "the adverse party's submissions cannot merely allege in general terms that the time spent was excessive"). With respect to specific objections, Guido first contests the time spent by counsel opposing Defendants' motion for summary judgment. (doc. 80, p. 6). Second, Guido argues that counsel for Styers spent an excessive amount of time engaged in "trial prep" in the two weeks before trial. *Id.* We discuss each in turn.

Counsel for Styers requests fees for 71.99 hours in preparing his brief in opposition to Defendants' motion for summary judgment. Guido argues that this "is patently excessive" given the simple issues in the case and counsel's

background and expertise in this area of law.  *Id.* at 7.  Guido

concludes that 39.995 hours is a more appropriate figure for

opposing Defendants' summary judgment motion without explaining

how he reaches such a result.  *Id.*  Styers responds by arguing

that Guido has failed to specifically detail the activities

resulting in excessive hours as well as how he arrived at the

proposed reduction in the number of hours.  (doc. 81, p. 4).

We agree that 71.99 hours for opposing Defendants'

summary judgment motion is excessive.  Styers' brief was

thirteen pages, with three pages of factual summary and ten

pages of argument.  *See* doc. 29.  The First Amendment

retaliation claim at issue in the litigation was fairly

straightforward and did not present any particularly difficult

or novel issues of law.[8]  While we are mindful that counsel for

Styers is a solo practitioner, his 28 years of experience

litigating employment law cases, including representing

plaintiffs in federal civil rights claims, (doc. 76, Amended

Affidavit, ¶ 1), makes 71.99 hours an unreasonably high figure.[9]

Based on the nature of the issues presented and the moderate

---

[8]  We note that Defendants did not contest that Styers' use of
the grievance process was activity protected by the First Amendment.

[9]  Additionally, with counsel's $250 hourly rate, almost 72
hours for briefing this summary judgment motion approaches what the
Third Circuit calls "double-dipping."  That is, "A fee applicant
cannot demand a high hourly rate-which is based on his or her
experience, reputation, and a presumed familiarity with the
applicable law-and then run up an inordinate amount of time
researching that same law."  *Ursic v. Bethlehem Mines*, 719 F.2d 670,
677 (3d Cir. 1983).

length of Styers' brief and accompanying exhibits, we find that counsel for Styers should have spent no more than 48 hours, approximately 6, 8-hour days, preparing the brief in opposition to Defendants' motion for summary judgment.  Therefore, we will deduct 23.99 hours from the request for attorney's fees.

Guido also contends that we should reduce the 188.96 hours submitted for "trial prep" in the two weeks prior to trial because the figure is excessive.  (doc. 80, pp. 7-8).  According to Guido, if approved, the fee for "trial prep" alone would account for forty percent of the total fee.  *Id*. at 8.  In arguing for a reduction of approximately 144 hours, Guido notes that the issues in the case were straightforward, Styers only presented three witnesses, and the trial only lasted 14.75 hours.  *Id*. at 9.  Instead of 188.96 hours for trial preparation, Guido argues that we should award three hours of preparation for each hour of trial, resulting in a total of 44.25 hours for the fee award.  *Id*.  Counsel for Styers responds by highlighting that he is a solo practitioner and must undertake all pre-trial preparations on his own.  (doc. 81, pp. 4-5).  He also notes that Guido has not cited legal authority for his argument that we should award fees based on a formula of three hours of trial preparation for every hour of trial.  *Id*. at 5.

We find that 188.96 hours devoted to trial preparation is excessive.  As with Styers' brief in opposition to

12

Defendants' motion for summary judgment, the trial presented a straightforward First Amendment retaliation claim, particularly for a practitioner with significant experience in employment law.  The trial lasted for just over 14 hours and included Styers' presentation of 3 witnesses and the cross-examination of 4 defense witnesses.  While we are aware of the burdens faced by a solo practitioner preparing for trial, *see* doc. 81, pp. 4-5, we believe that more than 23, 8-hour days of preparation is excessive for this matter.  Rather, we conclude that 64 hours, or 8, 8-hour days, is a reasonable amount of time for a practitioner with counsel's level of experience to prepare for trial of this case.  Accordingly, we will deduct 124.96 hours from the number of hours requested.  When combined with the 23.99 hour deduction discussed *supra*, we will deduct a total of 148.95 hours from the number of hours in the fee petition.

### 3.  Lodestar Figure

To calculate the lodestar figure for the attorney's fees, we multiply the hourly rate and the reasonable number of hours spent by counsel.  *Rode*, 892 F.2d at 1183.  As noted, we will use a $250.00 hourly rate for counsel's legal services.  We multiply this rate by 314.55 hours, the amount that remains after we deduct 148.95 hours from the 463.50 hours requested. This results in a lodestar figure of $78,637.50, which "is presumed to be the reasonable fee."  *Id*.

C. *Costs*

Counsel for Styers also seeks a total of $2,039.00 for costs in litigating the case.  (doc. 76, ¶¶ 10, 11).  The prevailing party in civil rights litigation may be reimbursed for reasonable and necessary costs.  *Becker v. Arco Chem. Co.*, 15 F. Supp. 2d 621, 635 (E.D. Pa. 1998).  "Compensation is appropriate if the incurred costs are not unreasonable, unnecessary, or inadequately documented."  *Id*.  Guido does not object to the costs sought by counsel for Styers.

Counsel for Styers' amended motion for fees (doc. 76), lists his costs as $1,949.00 as well as $90.00 incurred by Gregory Styers.  *Id*. ¶¶ 10, 11.  The documentation submitted in connection with the amended motion, however, does not support this figure.  Accordingly, we will reduce the award of costs to the amount which is sufficiently supported.

Counsel's affidavit and brief in support of attorney's fees list $790.00 in costs for photocopying, parking, filing fees, and process services.  doc. 76, Amended Affidavit, ¶¶ 5, 7; doc. 76, Brief in Support, p.3.  Additionally, in the documentation supporting counsel's fee request, we find receipts for deposition transcripts totaling $883.90 as well as a time entry reference to "Cost of depositions: $1214.15 (Styers, Waggoner, Kelley, Guido, Honer)."  doc. 76, ex. C.  Other than the two receipts for deposition transcripts, the time entry sheets are the only record of costs incurred by counsel for

Styers.  Accordingly, we will calculate the costs from the time entry sheets.[10]

If we accept the time entry sheets as adequate documentation,[11] we are left with $1,804.15, an amount below the $2,039.00 sought in the amended fee motion.  The descriptions of the costs in the time records include the following:

| Date | Description | Cost |
|------|-------------|------|
| 2/15/06 | Service of complaints and summons | $  156.00 |
| 1/9/07 | Parking | $   30.00 |
| 3/9/07 | Parking | $   30.00 |
| 3/12/07 | Copies | $    4.00 |
| 3/12/07 | Parking | $   30.00 |
| 8/1/07 | Copies | $  100.00 |
| 8/3/07 | Service of five subpoenas for trial | $  150.00 |
| 8/6/07 | Parking | $   30.00 |
| 8/7/07 | Parking | $   30.00 |
| 8/8/07 | Parking | $   30.00 |
| 8/9/07 | Cost of depositions | $1,214.15 |
| Total | | $1,804.15 |

---

[10]   We conclude that the $1,214.15 listed on the time entry sheets includes the $883.90 listed on the receipts submitted with the fee request.

[11]   Guido does not object to the sufficiency of the documentation supporting the request for costs.

Therefore, counsel for Styers shall receive $1,804.15 as reimbursement for reasonable and necessary expenses in addition to the fees for legal services discussed *supra*.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: May 19, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY STYERS,                    :
          Plaintiff
                                   :

          vs.                      :    CIVIL NO. 1:CV-05-2127

                                   :

COMMONWEALTH OF PENNSYLVANIA,
et al.,                            :
          Defendants

*O R D E R*

        AND NOW, this 19th day of May, 2008, upon

consideration of Plaintiff's amended motion for attorney's fees

(doc. 76), filed March 1, 2008, and pursuant to the accompanying

Memorandum, it is ordered that:

        1.  The amended motion for attorney's
        fees (doc. 76) is granted in part and denied
        in part as follows:

        2.  Counsel for Gregory Styers is awarded
        $78,637.50 in attorney's fees;

        3.  Counsel for Gregory Styers is awarded
        $1,804.15 for reasonable and necessary
        expenses in litigating this matter;

        4.  Plaintiff's prior motion for
        attorney's fees (doc. 57) is dismissed as
        moot.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge